[No. 12063.   Department Two. — August 30, 1887.]

MARY ELMER, APPELLANT, v. JAMES W. GRAY
ET AL., RESPONDENTS.

WILL — ANNUITY — DISCRETION OF EXECUTORS TO INCREASE AFTER DIS-
TRIBUTION. — A testator by his will, after devising a certain annuity to
his sister during her life, directed that if it were necessary for her care
and comfort, his executors should pay to her, or expend for and on her
behalf, such further sums as they in their discretion might deem proper.
The persons who were appointed executors were also appointed the
guardians of the estate of the testator's minor child, the residuary lega-
tee under the will. *Held*, that after the distribution of the estate, the
persons appointed as executors had discretion to increase the annuity
out of the estate of the residuary legatee.

APPEAL from a judgment of the Superior Court of
Sutter County.

The facts are stated in the opinion.

*R. P. Clement*, for Appellant.

*E. A. Davis*, and *S. J. Stabler*, *guardian ad litem*, for
Respondents.

FOOTE, C. — This is an action to construe a will. The
defendants, Gray and Wilbur, were nominated in the
will the executors thereof, and the guardians of the es-
tate of the testator's child, who was the residuary lega-
tee. The plaintiff is the person named in the fifth
clause, which is as follows: —

" 5. I give and devise to my sister, Mary Elmer, now
of San Francisco, California, the sum of forty dollars per
month, from the date of my death during her natural
life; and if it is necessary for her care and comfort, I
will and direct that my executors pay to her, or expend
for and on her behalf, such other and further sums
as they, in their best judgment, may deem meet and
proper; and in case of her death, to give her a decent
burial."

The defendants paid this sum, together with an increase of ten dollars, until the distribution of the estate to the residuary legatee, of whose estate they are now guardians by the terms of the will. They now doubt whether they have power to increase the allowance, because the above clause of the will vests the discretion in them as " executors," and they are no longer executors, but are guardians. We think they have the power. The leading intention of the testator in this regard was to make a suitable provision for his sister during the rest of her life. For this purpose he gave her an allowance of forty dollars per month " during her natural life "; and because he could not foresee what her needs might be as increasing age crept upon her, he vested a discretion in certain persons to increase the allowance, if they thought it was necessary. The word " executors " seems to us to have been used simply as a designation of the persons who were to exercise the discretion, and not as a limitation of the time in which it was to be exercised; and it is unimportant that the official name of these persons has been changed.

We therefore advise that the judgment be reversed, and the cause remanded for further proceedings.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, and the cause remanded for further proceedings.

Hearing in Bank denied.